**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


ANTHONY SMITH,　　　　　　　　　)
　　　　　　　　Petitioner,　　　)
　　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　)　　Civil Action No. 12-537
　　　　　　　　　　　　　　　　)　　Judge Mark R. Hornak
GERALD ROZUM; THE ATTORNEY　　)　　Chief Magistrate Judge Maureen P. Kelly
GENERAL OF THE STATE OF　　　　)
PENNSYLVANIA,　　　　　　　　　)
　　　　　　　　Respondents.　)


## REPORT AND RECOMMENDATION

## I.  RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by a Person in State Custody, pursuant to 28 U.S.C. § 2254 (the "Petition"), be dismissed.  A certificate of appealability should be denied.

## II. REPORT

### A.  Introduction

Anthony Smith ("Petitioner") is a state prisoner currently incarcerated in the State Correctional Institution at Greene ("SCI-Greene").  Petitioner is currently serving a sentence of 70 to 144 months for convictions of Aggravated Assault and Attempted Aggravated Assault in connection with two different attacks on two guards at the Allegheny County Jail ("ACJ") while Petitioner was an inmate there.  Both attacks occurred on the same day and the first attack was captured on video tape which was introduced at Petitioner's trial.  Petitioner was convicted after a non-jury trial in the Court of Common Pleas of Allegheny County.

Petitioner filed the Petition. ECF No. 1. Respondents filed their Answer, which included copies of much of the state court record. ECF No. 7. Petitioner filed a traverse captioned as "Judicial Notice of Petitioner's Reply Brief." ECF No. 11.

**B. The AEDPA Standards**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (the "AEDPA") which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996. Because Petitioner's habeas Petition was filed after its effective date, the AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

Where the state courts have reviewed a federal issue presented to them and disposed of the issue on the merits, and that issue is also raised in a federal habeas petition, the AEDPA provides the applicable deferential standards by which the federal habeas court is to review the state courts' disposition of that issue. See 28 U.S.C. § 2254(d) and (e).

In Williams v. Taylor, 529 U.S. 362 (2000), the United States Supreme Court has expounded upon the standard of review found in 28 U.S.C. § 2254(d). In Williams, the Supreme Court explained that Congress intended that habeas relief for errors of law may only be granted in two situations: 1) where the state court decision was "contrary to . . . clearly established Federal law as determined by the Supreme Court of the United States" or 2) where that state court decision "involved an unreasonable application of[] clearly established Federal law as determined by the Supreme Court of the United States." Id. at 404-05 (emphasis deleted). The Supreme Court explained the two situations in the following terms:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable

2

application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 412-13. The United States Court of Appeals for the Third Circuit has also elucidated the "contrary to" clause by noting that "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." Werts, 228 F.3d at 197 (quoting Matteo v. Superintendent, SCI-Albion, 171 F.3d 877, 888 (3d Cir. 1999)(en banc)). Moreover, it is Petitioner's burden to prove the state court decision is either contrary to or an unreasonable application of clearly established federal law. See Matteo, 171 F.3d at 888; Werts, 228 F.3d at 197. Under the "contrary to" clause, the relevant universe of analysis is restricted to the holdings of United States Supreme Court cases as they existed at the time of the state court decision. Williams, 529 U.S. at 412. In contrast, under the "unreasonable application" clause, federal habeas courts may consider lower federal court cases in determining whether the state court's application of United States Supreme Court precedent was objectively unreasonable. Matteo, 171 F.3d at 890.

The AEDPA also permits federal habeas relief where the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

**C. Discussion**

On the date that Petitioner assaulted the two ACJ guards, Petitioner was an inmate at the ACJ as a consequence of being held in federal custody, apparently due to a writ of habeas corpus ad prosequendum issued by Judge Hardiman who was presiding over Petitioner's federal criminal proceedings. This Court notes that the federal government has a contract with ACJ to

house federal prisoners who are on trial in this Court or awaiting sentencing in this Court or are otherwise in federal custody and need to appear in this Court. At the time of Petitioner's assaults on the two ACJ guards, Petitioner had already been convicted in this Court and was awaiting sentencing on his federal conviction and being held in the ACJ pending the imposition of sentence by Judge Thomas Hardiman. U.S.A. v. Anthony Tusweet Smith, No. 2:05-cr-119 (W.D. Pa. ECF No. 116, verdict in bench trial filed on 12/13/2006 and ECF No. 154 Judgment of Sentence, filed on 3/14/2007).

In the instant Petition, Petitioner raises three Grounds for Relief:

> GROUND ONE: The trial court erred in denial of Post Sentence Motion in Arrest of Judgment in violation of Pennsylvania [and] United States Constitution . . . . [because] Petitioner was in federal custody pending trial [and] sentencing [sic] . . . .

ECF No. 1 at 5.

> GROUND TWO: Standby Counsel was ineffective, on appeal, in aiding the petitioner with litigation that 'the trial court erred in denial of Post Sentence Motion in Arrest of Judgment in violation of Pennsylvania [and] United States Constitutions.

Id. at 7.

> GROUND THREE: Request for Joinder of Offenses.

Id. at 8.

## 1. Ground One

The apparent argument that Petitioner makes in Ground One is that because Petitioner was in federal custody at the time of his attacks on the ACJ guards, the Court of Common Pleas of Allegheny County lacked subject matter jurisdiction over the crimes that Petitioner engaged in when he attacked the two guards. Although Petitioner asserts that the Pennsylvania Superior Court did not address this issue on direct appeal, ECF No. 1 at 5, the Superior Court did address

this issue, as correctly pointed out by Respondents.   The Superior Court found that because Petitioner committed acts that were rendered criminal under Pennsylvania Crimes Code, the Court of Common Pleas of Allegheny County possessed subject matter jurisdiction over those crimes and thus properly tried and convicted Petitioner of those crimes, notwithstanding Petitioner's status as being in federal custody at the time he committed the violations of the state criminal statutes.  Superior Court slip op., ECF No. 7-2 at 48 - 50.

The question of subject matter jurisdiction is a matter of state law.  Thus, we have no authority to review that question.  Smith v. Baker, 2:07–CV–00318,  2014 WL 5776212, at *7 (D. Nev. Nov. 5, 2014) ("the question whether the state court possessed subject matter jurisdiction in this case was a matter of state law beyond the province of the federal habeas court.").  Hence, to the extent that any of Petitioner's federal claims before this Court depend on the predicate of establishing that the Court of Common Pleas of Allegheny County lacked subject matter jurisdiction over his criminal prosecution, his federal claims will necessarily fail because this Court cannot say that the state courts erred in deciding the state law issue of subject matter jurisdiction.  Wainwright v. Goode, 464 U.S. 78, 84  (1983) (stating that federal courts are bound by a State Court's interpretation of state law);  Lyda v. Gibson, 172 F.3d 879 (Table), 1999 WL 107116, at *1 (10th Cir. 1999); Bagby v. Sowders, 894  F.2d 792, 795 (6th Cir. 1990) ("Inasmuch as the highest court of Kentucky expressly held that the state trial court did not err in refusing to give the requested lesser included offense instruction,  the refusal was necessarily correct as a matter of state law. It would be an extremely rare case in which a federal court could conclude that a state court committed an error under state law.  Indeed, if the case has been reviewed by the state's highest court it would be impossible to find an error of state law if that court did not.") (quoting Pilon v. Bordenkircher, 593 F.2d 264, 267  n.4 (6th Cir. 1079), *vacated*

*on other grounds*, 444 U.S. 1 (1979)).  See also McCormick v. Kline, 572 F.3d 841 (10th Cir. 2009).[1]

To the extent that Petitioner is claiming that the Court of Common Pleas of Allegheny County lacked personal jurisdiction over him, see ECF No. 11 at 7 – 8; again, the question of whether a state court of general subject matter jurisdiction has *in personam* jurisdiction over a person who commits a crime within the state and has been served with process in conformity with state law, is an issue of state law that this Court has no ability to interfere with.  To the extent that Petitioner argues that the state court's exercise of *in personam* jurisdiction over him violates some principle of the United States Constitution simply because he was in federal custody at the time of the commission of the state law crimes again is erroneous as a matter of law.  Cf. Strand v. Schmittroth, 251 F.2d 590 (9th Cir. 1957) (federal probationer who asserted immunity from state prosecution due to his status as being a federal probationer was found to not be immune from state prosecution merely due to his status as a federal probationer).

Petitioner's assertion that federal law somehow precluded his prosecution by state authorities for the state crimes he committed while housed in the ACJ as a federal inmate precisely because of his status as being in federal custody or being a federal prisoner is simply mistaken.  There is no such rule that an inmate in federal custody cannot be found to have committed crimes under the state criminal code simply because at the time of committing such crimes in violation of state law he was in federal custody.  Being in federal custody does not

---

[1] Petitioner asserts his conviction also violated the Pennsylvania Constitution.  Such a claimed violation of state law is simply not cognizable in federal habeas proceedings.  A state prisoner may seek federal habeas corpus relief only if he is in custody in violation of the United States Constitution or federal law.  28 U.S.C. § 2254(a).  Smith v. Phillips, 455 U.S. 209 (1982); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir.), cert. denied, 502 U.S. 902 (1991).  Mere violations of state law or procedural rules alone are not sufficient; a petitioner must allege a deprivation of federal rights before habeas relief may be granted.  Engle v. Isaac, 456 U.S. 107 (1982); Wells v. Petsock, 941 F.2d 253 (3d Cir. 1991), cert. denied, 505 U.S. 1223 (1992).

shield a person who commits crimes in violation of state law from being prosecuted for those crimes by the state authorities, any more than being a state prisoner would shield the state prisoner from a federal prosecution for committing federal crimes while the state prisoner was in state custody. Petitioner's argument to the contrary borders on the frivolous.[2] Thus, Ground One does not afford Petitioner relief.

### 2. Ground Two

Petitioner argues in Ground Two that his stand-by counsel during his direct appeal was ineffective for failing to adequately assist him. This claim affords Petitioner no relief for at least two independent reasons.

---

[2] Which sovereign (whether state or federal) first obtains physical custody of the person may well dictate which sovereign possesses "primary jurisdiction" over the person for purposes of determining which sovereign may try him first and require him to satisfy that sovereign's sentence first but the entire doctrine of primary and secondary jurisdiction refutes Petitioner's contention that simply because the prisoner is in the custody of one sovereign, he may not be tried by another sovereign for crimes committed by that prisoner while in the custody of the first sovereign. See 22 CJS Criminal Law § 214 (explaining doctrine of primary and secondary jurisdiction). The use of the term "primary jurisdiction" is perhaps an unfortunate use of terminology to the extent that it implies lack of jurisdiction by the second sovereign. The term should simply be understood as primary custody and secondary custody and signifying only the order in which the sovereigns may prosecute and convict the prisoner and require the prisoner to serve the sentence of each sovereign. Properly understood, it is merely a rule of timing and not a matter of subject matter jurisdiction or personal jurisdiction. Moreover, it appears that Petitioner was in the primary custody of the state authorities at the time he committed his assaults on the two guards in ACJ because although he was sentenced by the federal court on March 14, 2007, he apparently has not yet begun to serve that sentence which was ordered to be served consecutively to any undischarged term of imprisonment. U.S.A. v. Anthony Tusweet Smith, No. 2:05-cr-119 (W.D. Pa. ECF No. 154 at 2, Judgment of Sentence, filed on 3/14/2007). And, of significance here, the United States District Court had to issue writs of habeas corpus prosequendum in order to retrieve Petitioner from a Pennsylvania state prison for purposes of conducting proceedings in federal court before Petitioner was convicted and sentenced in federal court. Id. (ECF No. 71, filed on 7/12/2006, Application for Writ of Habeas Corpus Ad Prosequendum, asking Court to order Superintendent of SCI-Dallas to permit Petitioner to appear in federal court; ECF No. 72m order granting writ, filed on 7/14/2006). See Smith v. McKean, 580 F. App'x 98, 99 (3d Cir. 2014) ("A prisoner detained pursuant to a writ ad prosequendum is considered to remain in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the person.").

First, Petitioner cannot make a claim of ineffective assistance of stand-by counsel. The general rule is that where a criminal defendant is proceeding pro se and has only stand-by counsel, he cannot allege the ineffective assistance of such stand-by counsel. See United States v. Trapnell, 512 F.2d 10, 13 (9th Cir. 1975)("A defendant representing himself cannot be heard to complain that his Sixth Amendment rights have been violated."). This rule makes eminent sense because when one has waived the Sixth Amendment right to counsel, the criminal defendant has a fortiori waived the right to effective assistance of counsel as a matter of logic and necessity. Hence, one cannot be heard to complain that the counsel who was appointed on a stand-by basis, as a prudential gesture on the part of the trial court, was ineffective because the accused waived the right to counsel and, therefore, the right to effective assistance of counsel. One cannot have it both ways, i.e., proceeding pro se and having counsel represent them, at least not under the law of Pennsylvania, Commonwealth v. Jette, 23 A.3d 1032 (Pa. 2011) (reiterating the longstanding State law bar on hybrid representation) — one cannot both exercise the right to self representation and exercise the right to be represented by counsel in Pennsylvania and Pennsylvania's prohibition on hybrid representation violates no federal constitutional provision. Thomas v. Carroll, 581 F.3d at 125 ("a defendant does not have a constitutional right to 'hybrid' representation'"). Accordingly, Petitioner simply cannot complain about the alleged ineffectiveness of stand-by counsel.

Secondly, even if Petitioner could raise a claim of ineffective assistance of stand-by counsel, Petitioner has failed to show that the Pennsylvania Superior Court's disposition of this claim was unreasonable or contrary to United States Supreme Court precedent. Assuming for the sake of argument that one could raise a federal claim that stand-by counsel was ineffective, the Superior Court addressed this issue, ECF No. 7-6 at 13-14, and found that stand-by counsel

was not ineffective because those arguments which Petitioner asserted stand-by counsel failed to raise and should have raised were, in fact, arguments that lacked merit and the Superior Court concluded that stand-by "counsel cannot be deemed ineffective for failing to pursue a meritless claim." Id., at 14. Petitioner fails to persuade this Court, as is his burden, that the Superior Court's disposition of this claim was contrary to or an unreasonable application of United States Supreme Court precedent. Werts v. Vaughn, 228 F.3d at 202 ("counsel cannot be deemed ineffective for failing to raise a meritless claim").

### 3. Ground Three

Ground Three is a claim by Petitioner that this Court should join in this habeas petition two different convictions obtained in the Court of Common Pleas, namely his convictions for attacking the ACJ guards (the "2007 case") and another conviction obtained at CC No. 200614468 ("the 2006 case") However, as the Respondents point out the two cases were tried separately in state court and resulted in separate judgments of convictions and that the judgment of conviction in the 2006 case was final on February 7, 2008 and the AEDPA statute of limitations had run on that conviction as of February 7, 2009. Respondents assert that Petitioner wants this court to join these two cases now so as to enable Petitioner to circumvent the AEDPA statute of limitations.

We find that Rule 2(e) of the Rules Governing Section 2254 Cases In the United States District Court ("Rule 2(e)") provides some guidance to the question posed by Petitioner's request for joinder. Rule 2(e) expressly provides that "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." See Retic v. United States, 321 F. App'x 865 (11th Cir. 2009) (construing Rule 2(e) and permitting challenges to two different judgments obtained at different times from the same

County Circuit Court but from different divisions). We assume without deciding that Petitioner could join in one habeas petition the two cases based on different convictions arising at different times and based on different facts because the judgments he seeks to join are not from "more than one court" within the meaning of Rule 2(e). However, because the AEDPA statute of limitations has run on the 2006 conviction, joinder would be useless to Petitioner. Accordingly, we decline Petitioner's request to join the two judgments.

Alternatively, even if we permitted the joinder of the two different state criminal cases, Petitioner's arguments as to the 2006 case are the very same arguments concerning the present case, namely, the Court of Common Pleas lacked both personal jurisdiction over Petitioner and subject matter jurisdiction over the crimes because at the time of committing the state law crimes (which he also committed at the ACJ) underlying the 2006 case, Petitioner was in federal custody at the ACJ. Given that such arguments are meritless as found *supra*, joining the two cases would not afford Petitioner relief in the 2006 case anymore than in the 2007 case.

Accordingly, Ground Three does not afford Petitioner any relief in federal court.[3]

### D. Certificate of Appealability

Because jurists of reason would not find the foregoing recommended denial of Petitioner's claims debatable, a certificate of appealability should be denied.

## III. CONCLUSION

For the reasons set forth herein, it is respectfully recommended that the Petition be dismissed and that a certificate of appealability be denied.

---

[3] To the extent that Petitioner sought an "opportunity for the Petitioner to amend the request for joinder claim in conformity with any existing exception," ECF No. 11 at 6, the request is denied as futile.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

Date:  January 22, 2015                      s/Maureen P. Kelly
                                             MAUREEN P. KELLY
                                             CHIEF UNITED STATES MAGISTRATE JUDGE

cc:     The Honorable Mark R. Hornak
        United States District Judge

        All counsel of record via CM-ECFS

        Anthony Smith
        EY-9164
        SCI Greene
        175 Progress Drive
        Waynesburg, PA 15370